COPE, Judge,
concurring in part and dissenting in part.
I concur that the conviction must be affirmed.
*65 As to the sentencing point, the defendant-appellant conceded that a bench warrant had been issued for his arrest in New York in 1991. With that concession, it was immaterial whether the State offered faxed copies as opposed to certified copies.*
The real question was whether the bench warrant was still outstanding on the date of the crime in 1993, so that the defendant was properly viewed as being under “legal constraint.” The defense proffered that the warrant was no longer outstanding. The State proffered that it was outstanding and that the State had arranged for the appropriate New York court clerk to be available for a telephone hearing to verify the status of the warrant. See Fla. R. Jud. Admin. 2.071.
The court did not conduct a telephone hearing and instead ordered the State to file a certified copy of the bench warrant. The court stated that if the certified copy indicated that the warrant was no longer outstanding, then the sentence would be revisited. When filed, the certified copy of the New York bench warrant did not indicate, one way or the other, whether the bench warrant remained outstanding in 1993.
I agree that, under the circumstances, the sentencing order must be reversed. However, I would remand for an evidentiary hearing to determine whether the defendant was under legal constraint.

 The Evidence Code provides:
Admissibility of duplicates. — A duplicate is admissible to the same extent as an original, unless:
(1)The document or writing is a negotiable instrument as defined in s. 673.1041, a security as defined in s. 678.102, or any other writing that evidences a right to the payment of money, is not itself a security agreement or lease, and is of a type that is transferred by delivery in the ordinary course of business with any necessary endorsement or assignment.
(2) A genuine question is raised about the authenticity of the original or any other document or writing.
(3) It is unfair, under the circumstance, to admit the duplicate in lieu of the original.
§ 90.953, Fla. Stat. (1995).